UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ALBERT BEEDLES, ) | |
| ) | |
| Petitioner, ) | Case No. 1:06-cv-95 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| JOHN PRELESNIK, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**ORDER OF TRANSFER
TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at Richard A. Handlon Correctional Facility. Petitioner is serving a life sentence imposed by the Saginaw County Circuit Court on August 30, 1990, after a jury found him guilty of possession with intent to distribute more than 650 grams of cocaine.

On or about June 16, 1997, Petitioner filed his first habeas corpus petition, raising six grounds for relief. On April 21, 1999, the Magistrate Judge issued a report and recommendation to dismiss the petition. The Magistrate Judge concluded that Petitioner failed to fairly present a portion of his third claim in the state courts, and, thus, that portion of his claim should be dismissed for lack of exhaustion. The Magistrate Judge reviewed the remainder of Petitioner's claims on the merits and found them to be without merit. On June 18, 1999, the District Court entered judgment summarily adopting the report and recommendation and dismissing the petition. The Sixth Circuit affirmed the decision on August 11, 2000.

A threshold question is whether the instant petition is "second or successive" within the meaning of 28 U.S.C. § 2244. A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *see also Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). A previous dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). However, a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive" petition. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). In 2002, Petitioner applied in the Sixth Circuit for an order authorizing this Court to consider a "second or successive" petition. In an order entered on April 30, 2003, the Sixth Circuit denied

Petitioner's application to file a second or successive petition. *See In re Albert Beedles*, No. 02-2468 (6th Cir. Apr. 30, 2003). In light of the Sixth Circuit's previous order denying Petitioner's application to file a second or successive petition, the appropriate disposition in this case is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

**IT IS HEREBY ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 22, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |